UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YHANKA A. VERAS,

                    Plaintiff,

          -against-                                          25-CV-9568 (LLS)

SARAH NETBURN,                                               ORDER OF DISMISSAL

                    Defendant.

LOUIS L. STANTON, United States District Judge:

          Plaintiff, who is proceeding *pro se*, brings this action against Magistrate Judge Sarah

Netburn, of this court, under *Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics*, 403 U.S. 388 (1971), and the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§ 12101. She alleges that Judge Netburn "fail[ed] to offer disability ac[c]om[m]odation when I

was in her Court room . . . [and] refuse[d] discovery on my case." (ECF 1, at 5-6.)

          By separate order dated March 3, 2026, the court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the

Court dismisses the complaint.

**STANDARD OF REVIEW**

          The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

This action arises from Judge Netburn's judicial conduct in Plaintiff's action filed in this court, *Veras v. New York City Dep't of Educ.*, No. 22-CV-0056 (JLR) (SN) (S.D.N.Y. July 18, 2024) ("*Veras I*"), which Plaintiff initiated *pro se* and counsel eventually appeared. Plaintiff contends that Judge Netburn, who was the designated magistrate judge in *Veras I*, denied her an accommodation request and discovery. She seeks money damages.

According to *Veras I* court records, in a hearing held on May 2, 2023, Judge Netburn explained to Plaintiff, who was represented by counsel at the time, that should Defendants' motion be denied in full or in part, the case would proceed to discovery, *Veras I*, ECF 118, at 4. Judge Netburn also granted Plaintiff's counsel's request to conduct Plaintiff's deposition prior to trial, pursuant to Rule 32 of the Federal Rules of Civil Procedure, *id.* at 10-11; counsel for Plaintiff was concerned that, because of Plaintiff's disability, she would not be available to testify at trial. On August 24, 2023, Judge Netburn issued a report and recommendation, recommending that the defendants' motion to dismiss be granted. *Veras I*, ECF 126. The district court overruled Plaintiff's objections to the report and recommendation and granted the motion to dismiss. *Id.*, ECF 151. The Court of Appeals for the Second Circuit affirmed the judgment of the district court. *Id.*, ECF 155.

## DISCUSSION

Plaintiff's claims against Judge Netburn are dismissed under the doctrine of judicial immunity and consequently as frivolous. The Court therefore dismisses the action without leave to file an amended pleading.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[A]t the heart of the judicial function" is "a judge's control of ongoing proceedings and managing the court's docket." *Richter v. Connecticut Jud. Branch*, No. 12-CV-1638, 2014 WL 1281444, at \*10 (D. Conn. Mar. 27, 2014), *aff'd*, 600 F. App'x 804 (2d Cir. 2015) (citing *Huminski v. Corsones*, 396 F.3d 53, 76 (2d Cir. 2005) ("A court's control of its docket is also a judicial act because it 'is part of [a court's] function of resolving disputes between parties.'" (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (alterations in original)).

"Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff brings claims against Judge Netburn based on her alleged denial of Plaintiff's requests for a reasonable accommodation and for discovery. These allegations, however, do not concern any conduct beyond the scope of judicial responsibilities or suggest that Judge Netburn acted outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12.

With respect to Plaintiff's request for an accommodation, although the complaint in this action and the *Veras I* record do not indicate that Plaintiff requested an accommodation and Judge Netburn denied such a request, even if Plaintiff had requested an accommodation, any denial of such a request would not violate the ADA because the ADA does not apply to the federal courts. *See, e.g.*, *McDowell v. McDonough*, No. 21-CV-0338 (JLS) (JJM), 2024 WL 4751692, at *2 (W.D.N.Y. Oct. 8, 2024) ("[B]y definition, . . . the ADA does not apply to the federal government or an agency, such as the federal courts." (citations and internal quotation marks omitted)); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) ("While the [ADA] requires state courts to make disability accommodations, the ADA does not apply to federal courts."); *see also Davidson v. Off. of Ct. Admin.*, No. 22-CV-8936 (PGG) (VF), 2022 WL 17619353, at *1 (S.D.N.Y. Dec. 13, 2022) (dismissing claims brought against state judge as frivolous where plaintiff alleged judge denied his request for reasonable accommodations during courtroom proceedings). Moreover, the Rehabilitation Act, which applies to some federal agencies, also does not apply to the federal courts. *McDowell*, 2024 WL 4751692, at *2.

With respect to Plaintiff's request for discovery, as Judge Netburn explained to Plaintiff at the May 2, 2023 hearing, *Veras I* would proceed to discovery should the motion to dismiss be denied in full or in part. As the district court granted defendants' motion to dismiss, *Veras I* did not proceed to discovery.

Because Plaintiff sues Judge Netburn for "acts arising out of, or related to, individual cases before h[er]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Netburn because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and,

4

consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses the complaint because it seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:    June 18, 2026
          New York, New York

_____
Louis L. Stanton
U.S.D.J.

5